UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-437-RJC-DCK

| ADMINISTRATOR-BENEFITS FOR THE EXXONMOBIL SAVINGS PLAN AND FOR THE FAMILY ADJUSTMENT PLAN, and LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| JAMES HOWARD LENOIR; MARY MAGDALENE DUNTON; DOROTHY MAE GIBSON; MAMIE ELIZABETH ANN WOODARD; RUDY LENOIR; DEBORAH MARSH; DONNA J. LENOIR; JOYCE J. LENOIR; CHARLES E. LENOIR, JR.; JAMES HOWARD LENOIR, AS EXECUTOR OF THE ESTATE OF JACOB EMANUEL LENOIR, JR.; and EDWINA L. PATTON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on Plaintiffs Administrator-Benefits for the ExxonMobil Savings Plan and for the Family Adjustment Plan ("Administrator-Benefits") and Life Insurance Company of North America's ("LINA," collectively "Plaintiffs") Motion for Discharge. (Doc. No. 34).

**I.     BACKGROUND**

Plaintiffs filed this Rule 22 interpleader action on September 7, 2011. (Doc. No. 1). Jacob Emanuel Lenoir, Jr. ("Jacob") worked for Exxon until his retirement on or about October 1, 1982. (Id. at 5). Jacob participated in Exxon's Savings Plan and Family Adjustment Plan

during his employment. (Id.). LINA insures the benefits provided by the Family Adjustment Plan. (Id. at 2). Jacob passed away on October 22, 2010 with a vested account balance in his accounts. (Id. at 3, 5). Plaintiffs filed this interpleader action in order to avoid separate lawsuits between Jacob's many purported family members and Plaintiffs. (Id. at 9). Plaintiffs admit their liability to pay out Jacob's account balance and insurance benefits to his beneficiaries. (Id. at 10).

Plaintiffs have deposited $301,822.03 into the Court's registry and now ask to be discharged from the action. (Doc. Nos. 32; 33; 35). Plaintiffs also request an injunction barring the defendants from filing any action against them connected with these accounts. (Id.). Defendant Edwina Patton does not oppose Plaintiffs' motion. (Doc. No. 36). The other defendants ("Sibling Defendants") consent to discharging Plaintiffs from this suit, but argue that they should be allowed to pursue "viable causes of action" in the future despite these defendants being "without information" as to whether Plaintiffs engaged in any misconduct that would justify such future suits. (Doc. No. 37 at 2).

## II. ANALYSIS

### A. Discharge

"[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." Sun Life Assur. Co. of Canada v. Thomas, 735 F. Supp. 730, 732 (W.D. Mich. 1990) (citations omitted); see also Met Life Ins. Co. v. Vines, 10-2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). "Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." Sun Life, 735 F. Supp. at 733. The Sibling Defendants do not allege bad faith

2

and consent to the discharge of the Plaintiffs from this suit. Plaintiffs are disinterested stakeholders faced with adverse claims to Jacob's accounts. They risk competing, inconsistent judgments regarding Jacob's account balances without the benefit of an interpleader action. Interpleader is appropriate in this case and Plaintiffs are discharged.

    B.    <u>Injunction</u>

The Sibling Defendants dispute the extent of Plaintiffs' immunity from future suits. (Doc. No. 37). The Sibling Defendants have not filed any counterclaims against Plaintiffs and admit that they have no information indicating that they have any claims against Plaintiffs. (<u>Id.</u>). Federal Rule of Civil Procedure 13 required the Sibling Defendants to state a counterclaim against Plaintiffs if they had a claim that "arises out of the transaction or occurrence that is the subject matter of the [Plaintiffs'] claim." The subject matter of this case is the death of Jacob Emanuel Lenoir, Jr. and the proper disposition of his account balances in the ExxonMobil Plans and the benefits provided by LINA. Because the Sibling Defendants failed to file any counterclaim, res judicata principles would bar them from bringing such a related claim in a later suit. <u>See</u> <u>Mellon Bank, N.A. v. Ternisky</u>, 999 F.2d 791, 795 (4th Cir. 1993).

Plaintiffs move the Court to permanently enjoin all defendants from filing any lawsuit related to their handling of Jacob's accounts and benefits. (Doc. No. 34 at 2). To obtain a permanent injunction "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." <u>Christopher Phelps & Associates, LLC v. Galloway</u>, 492 F.3d 532, 543 (4th Cir. 2007). Plaintiff has not addressed these factors. The Sibling Defendants

3

understand that they may not maintain a future action against Plaintiffs regarding the proper disposition of Jacob's accounts. (Doc. No. 37 at 2). They do not seem likely to file any other suit against Plaintiffs, but merely appear uncomfortable with consenting to a blanket injunction covering any other claims that may or may not later appear justified by Plaintiffs' handling of Jacob's accounts and benefits. (Id.). In any event, Plaintiffs have failed to support their claim for a permanent injunction.

      C.      Attorney's Fees

Plaintiffs also request attorney's fees and costs. (Doc. Nos. 1 at 12; 38 at 3). This Court has discretionary authority to grant such costs and fees to a disinterested stakeholder when it is fair and equitable. See Tr. of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague, 251 F. App'x 155 (4th Cir. 2007) (unpublished); Jefferson Pilot Fin. Ins. Co. v. Buckley, No. 3:04-cv-783, 2005 WL 221076, at *2 (E.D. Va. Jan. 13, 2005). Plaintiffs are disinterested stakeholders who have conceded liability, deposited the funds into the Court, and sought discharge from liability. Nonetheless, Plaintiffs have been required to litigate this case for almost one year. (Doc. No. 1). Plaintiffs are entitled to reimbursement of their costs and attorney's fees from the interpleaded fund. Plaintiffs must file an application for such costs and fees, supported by relevant billing records or affidavits, within fourteen (14) days of the date of this Order.

### III. CONCLUSION

Plaintiffs are dismissed from this suit with prejudice and are forever discharged from all liability to each and every Defendant in this matter, and any of his or her heirs, descendants, successors and assigns, individually and collectively, for any claim, demand, action or cause of action that arises out of the transaction or occurrence that is the subject matter of this action. However, the Court will not issue a formal injunction barring any and all suits against Plaintiffs.

Plaintiffs are entitled to their costs and fees for maintaining this interpleader action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion for Discharge, (Doc. No. 34), is **GRANTED IN PART AND DENIED IN PART**; and

2. Plaintiffs must file an application for costs and fees, supported by relevant billing records or affidavits, within fourteen (14) days of the date of this Order.

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge