IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-437-RJC-DCK

| | |
|---|---|
| ADMINISTRATOR-BENEFITS FOR THE EXXONMOBIL SAVINGS PLAN AND FOR THE FAMILY ADJUSTMENT PLAN, and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Plaintiffs,<br><br>v.<br><br>JAMES HOWARD LENOIR, Individually and as Executor of the Estate of Jacob Emanuel Lenoir, Jr., RUDY LENOIR, DONNA J. LENOIR, JOYCE J. LENOIR, CHARLES E. LENOIR, JR., MARY MAGDALENE DUNTON, DOROTHY MAE GIBSON, DEBORAH MARSH, MAMIE ELIZABETH ANN WOODARD, and EDWINA L. PATTON<br><br>        Defendants. | MEMORANDUM AND RECOMMENDATION AND ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Application Of Life Insurance Company Of North America For Attorney's Fees And Costs" (Document No. 43) and "Plaintiff Administrator-Benefits' Application For Attorneys' Fees And Costs" (Document No. 44). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted, with modification.

## I. BACKGROUND

Plaintiff Administrator-Benefits for the ExxonMobil Savings Plan and for the Family Adjustment Plan ("Administrator-Benefits") and Plaintiff Life Insurance Company Of North

America ("LINA"), (collectively "Plaintiffs"), filed their "Complaint In Interpleader" (Document No. 1) on September 7, 2011. Defendants are relatives, or purported relatives, of Jacob Emanuel Lenoir, Jr. ("Jacob"), a former employee of ExxonMobil Marketing and Refining ("Exxon"). (Document No. 1, p.3). Jacob retired from Exxon on or about October 1, 1982. (Document No. 1, p.5). Jacob participated in Exxon's Savings Plan and the Family Adjustment Plan, administered by Plaintiff Administrator-Benefits. Id. (Document No. 1, p.2, 5). Plaintiff LINA insures the benefits provided through the Family Adjustment Plan, and would have the obligation to pay benefits, if any, found to be payable to a Family Adjustment Plan beneficiary(ies). Id.

Jacob passed away on October 22, 2010, with a vested account balance in his accounts. (Document No. 1, pp.3, 5). Plaintiffs filed this interpleader action pursuant to Fed.R.Civ.P. 22 to avoid separate lawsuits between Jacob's purported family members. (Document No. 1, pp.4, 9-10). Plaintiffs contend that this matter is related to an ERISA-regulated pension plan, as well as an ERISA-regulated welfare benefit plan, and therefore raises a federal question. (Document No. 1, p.4). Plaintiffs assert that they are ready, willing, and able to pay the benefits of the Savings Plan and Family Adjustment Plan, but have not done so due to "multiple issues arising from possible rival claims to payment" of Jacob's benefits. (Document No. 1, p.10).

On May 24, 2012, Administrator-Benefits deposited $292,000.03 into the registry of this Court, and on May 31, 2012, LINA deposited $9,822.00 into the registry of this Court. (Document No. 32-33). "Plaintiffs Motion For Discharge" (Document No. 34) was jointly filed June 8, 2012, seeking Plaintiffs' dismissal from this suit and discharge of "all liability to each and every Defendant in this matter, and any of his or her heirs, descendants, successors and assigns, individually and collectively, for any claim, demand, action or cause of action regarding the account of Jacob Emanuel Lenoir, Jr.," and permanently enjoining Defendants from bringing any other

action against Plaintiffs. (Document No. 34, pp.1-2). Defendant Edwin Patton, did not oppose Plaintiffs' motion. (Document No. 36). The other Defendants ("Sibling Defendants") consented to discharging Plaintiffs from this suit, but opposed barring future "viable causes of action." (Document No. 37).

On August 21, 2012, the Honorable Robert J. Conrad, Jr. issued an "Order" (Document No. 42) granting in part and denying in part "Plaintiffs Motion For Discharge." In his decision, Judge Conrad opined that "Plaintiffs are disinterested stakeholders who have conceded liability, deposited the funds into the Court, and sought discharge from liability. . . . Plaintiffs are entitled to reimbursement of their costs and attorney's fees from the interpleaded fund." (Document No. 42, p.4). Judge Conrad also found that "Plaintiffs have failed to support their claim for a permanent injunction." Id. Specifically, Judge Conrad ordered that:

> Plaintiffs are dismissed from this suit with prejudice and are forever discharged from all liability to each and every Defendant in this matter, and any of his or her heirs, descendants, successors and assigns, individually and collectively, for any claim, demand, action or cause of action that arises out of the transaction or occurrence that is the subject matter of this action. However, the Court will not issue a formal injunction barring any and all suits against Plaintiffs. Plaintiffs are entitled to their costs and fees for maintaining this interpleader action.

(Document No. 42, pp.4-5). The Court directed that Plaintiffs file "an application for costs and fees, supported by relevant billing records or affidavits." (Document No. 42, pp.4-5).

The "Application Of Life Insurance Company Of North America For Attorney's Fees And Costs" (Document No. 43) and "Plaintiff Administrator-Benefits' Application For Attorneys' Fees And Costs" (Document No. 44) were timely filed on September 4, 2012, and referred to the undersigned for a memorandum and recommendation. The "Sibling Defendants' Response To Plaintiffs' Application For Attorneys' Fees And Costs" (Document No. 48) was filed October 5,

2012.  Defendant Edwina Patton has failed to respond to the pending motions.

On October 8, 2012, Plaintiff LINA filed its "...Notice Of Not Intent To Reply to Sibling Defendants' Response" (Document No. 49).  Plaintiff Administrator-Benefits has failed to file a reply brief in support of its motion, or its notice of intent not to reply, as required by Local Rule 7.1 (E).[1]  The pending motions are now ripe for review and a recommendation to the presiding district judge.

### III.  DISCUSSION

Pursuant to Judge Conrad's Order (Document No. 42), it appears that the question before the Court is not whether Plaintiffs are entitled to costs and fees, but rather what amount of costs and fees is appropriate.  As previously noted in Judge Conrad's decision, this Court has discretionary authority to grant costs and fees to a disinterested stakeholder when it is fair and equitable.  (Document No. 42, p.4) (citing Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Sprague, 251 Fed. Appx. 155 (4th Cir. 2007);  see also, Provident Life And Accident Ins. Co. v. Sanders, 3:10cv154-MOC-DSC, 2011 WL 1239816 at *3 (W.D.N.C. Mar. 29, 2011).

By this action, LINA deposited funds payable as life insurance proceeds in the total amount of $9,822.00.  (Document No. 33;  Document No. 43, pp.1-2).  Based on 26.7 hours of work, at $350 per hour for "partner level work," LINA now contends it should be awarded $9,346.30 in attorney's fees and expenses incurred in this action.  (Document No. 43, p.6).  As such, Plaintiff LINA seeks nearly 100% of the funds it deposited in the Court registry even though it acknowledges that "much of the labor has been borne by counsel for the Administrator-Benefits," and that "[t]his action does

---

[1] The undersigned also observes that the deadline for a report on the results of the parties' mediation passed on October 19, 2012, without an appropriate filing by the parties.  See (Document Nos. 25, 46).

4

not present particularly novel or difficult questions." (Document No. 6, pp.3-4).

Plaintiff Administrator-Benefits seeks to recover $35,945.22 of the $292,000.03 in funds it deposited in the Court's registry. (Document Nos. 32, 44). Administrator-Benefits' application for fees and costs provides no statement regarding the complexity of this action, but indicates that five (5) separate timekeepers spent a total of more than one hundred (100) hours on this case. (Document Nos. 44, 44-1).

The "Sibling Defendants' Response To Plaintiffs' Application For Attorneys' Fees And Costs" offers a summary of the procedural background of this case, but little argument or authority to support its conclusion that the Plaintiffs' applications for fees and costs should be completely denied. (Document No. 48). In the alternative, the Sibling Defendants request that the Court "deny those portions of the Applications that the Court deems to be unfair or inequitable such as Plaintiffs' actions related to the request for permanent injunction." (Document No. 48, p.3). As noted above, Defendant Edwin Patton failed to respond at all.

The Sibling Defendants' request that the pending applications/motions be completely denied is misplaced in light of Judge Conrad's previous decision that Plaintiffs "are entitled to reimbursement of their costs and attorney's fees from the interpleaded fund." (Document No. 42, p.4). Moreover, Defendants' failure to address a fair and equitable award of costs and fees, or to cite any authority discussing this issue, is regrettable.

In considering the appropriate amount of costs and fees here, the undersigned finds a decision by Judge Urbanski of the U.S. District Court for the Western District of Virginia to be particularly instructive. See ReliaStar Life Ins. Co. of New York v. LeMone, 2006 WL 1133566 (W.D.Va. April 25, 2006). Judge Urbanski's analysis of this issue under analogous circumstances includes the following:

> Though there is no statutory authority to do so, courts often award costs, as well as attorneys' fees, to the stakeholder when an interpleader action is successful. . . . The theory behind such an award is that plaintiff, by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and that plaintiff should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation.
> . . .
> Generally, such a fee will be relatively modest, in as much as all that is necessary to bring an interpleader action is the preparation of a petition, the deposit of the contested funds into the court, service on all the claimants, and the preparation of an order discharging the stakeholder. . . . The court may take into account a number of factors in deciding the amount of attorneys' fees to award: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether the claimants improperly protracted the proceedings.
> . . .
> Some courts have denied an award of attorneys' fees in interpleader actions brought by insurance companies, suggesting that such fees are a part of their cost of doing business. . . . Additionally, courts have declined to award attorneys' fees and costs where the amount of fees and costs claimed would significantly deplete the total fund at issue.

ReliaStar Life Ins. Co., 2006 WL 1133566 at *1-2 (internal citations omitted).

In the ReliaStar case, Judge Urbanski concluded that even though the defendants' motions had somewhat complicated an ordinarily simple process, the work required did not justify an award of $13,794.79 in fees and costs to the plaintiff. Id. at *3. That decision noted that:

> while ReliaStar has proven it acted with good faith and diligence in bringing the action, the nature of an interpleader action inherently benefits the stakeholder. By bringing this interpleader suit, ReliaStar has saved itself a great deal in costs of defense, in anticipation of litigation involving claimants' competing claims to the annuity funds.

Id. Based on the foregoing, and weighing the factors set forth above, Judge Urbanski ultimately awarded plaintiff a total of $2883.49 to be paid from the deposited interpleader funds in that case.

Id. at *4; see also, Sun Life Assurance Co. v. Grose, 466 F.Supp.2d 714, 717 (W.D.Va. 2006) ("such fees and costs are not granted as a matter of course"); and Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196 (W.D.Va. May 9, 2007) (adopted by Sun Life Assurance Co. v. Tinsley, 2007 1795728 (W.D.Va. June 19, 2007) and cited by Hickory Springs Retirement Plan v. Andrews, 5:05CV240-RLV, 2008 WL 2699729 at *5 (W.D.N.C. July 2, 2008)).

Another instructive case on the issue raised by the instant motions is New York Life Ins. Co. v. Youa Vang, 5:09-CV-010-RLV-DSC, 2010 WL 76369 (W.D.N.C. Jan. 5, 2010). In that case, Judge David S. Cayer denied outright the plaintiff's motion for attorneys' fees in an interpleader action. Id. Judge Cayer's decision noted that

> North Carolina has "long and vigorously" followed the "American Rule" respecting attorneys fees-that is, unless specifically authorized by statute or case law, each litigant must bear its own attorneys' fees. For discussion, see Gilbert v. Bagley, 492 F.Supp. 714 (M.D.N.C., 1980). The parties agree that neither statutory law nor case law in North Carolina provides for attorneys fees in interpleader actions. Underhill, *supra*.

New York Life Ins. Co., 2010 WL 76369 at *2; (citing Underhill v. Travelers Ins. Co., 1991 U.S. Dist. LEXIS 19319 at *8 (E.D.N.C. Oct. 21, 1991) ("it is 'the long established law of North Carolina that counsel fees are not taxed in a proceeding such as [an interpleader action brought by an insurer].'")).

Applying the factors identified by Judge Urbanski: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether the claimants improperly protracted the proceedings; the undersigned is not persuaded that this case is one that justifies more than a modest award of costs and fees. See ReliaStar Life Ins. Co., 2006 WL 1133566 at *1-2. As acknowledged by Plaintiff

7

LINA, this case did not present novel or difficult questions, nor is there any evidence that the stakeholders performed any unique services. (Document No. 43). It appears to the undersigned that the Plaintiff stakeholders, as well as Defendants, have acted in good faith. Moreover, although the Sibling Defendants' opposition to Plaintiffs' motions may have somewhat complicated the ordinarily simple process, the undersigned is not persuaded that the claimants improperly protracted the proceedings. To the contrary, the motions practice here led to Judge Conrad's decision to grant in part and deny in part Plaintiffs' motion for discharge. (Document No. 42).

The undersigned will recommend that Plaintiffs be awarded fees and costs associated with this interpleader in amounts far less than those requested. See Hickory Springs Retirement Plan v. Andrews, 5:05CV240-RLV, 2008 WL 2699729 at *5 (citing Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196 at *2 ("When an award of costs and attorneys' fees to a stakeholder in a successful interpleader action is equitable, it should also be modest. . . . an award of attorney's fees should not substantially deplete the interpleader funds")). The undersigned is unaware of a bright line in the law guiding a court's determination of the appropriate amount of costs and fees that should be awarded. As such, Judge Urbanski's observations are again helpful:

> the stakeholder's recovery is properly limited to: **the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stake holder**. See, *e.g.*, Reliastar Life Ins. Co. of N.Y. v. Lemone, No. 7:05cv00545, 2006 WL 1133566, at *2 (W.D.Va. Apr.25, 2006); Wright, Miller, & Kane, *supra*, at § 1719. Furthermore, when such a recovery would substantially deplete the interpleader funds at issue, an additional reduction to the amount awarded is appropriate. Reliastar, 2006 WL 1133566, at *3.

Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196 at *2 (emphasis added).

Although the undersigned accepts Plaintiffs' applications and their affidavits and attachments as complete and accurate, it appears nearly certain that they seek reimbursement for at least some

8

work that is not directly related to the preparation of the petition for interpleader, the deposit of the contested funds, and/or the preparation of the order discharging the stakeholders. (Document Nos. 43-44). Taken together, Plaintiffs' applications show six (6) timekeepers billing approximately one hundred and thirty (130) hours. The bulk of the hours involve three attorneys billing at rates over $300 per hour. There has been no argument to the Court that this matter warranted so much time from senior counsel.

Here, counsel for LINA joined the action months after it was filed, and his records show that most of his work was communicating with other attorneys and reviewing filed documents. As noted above, LINA acknowledges that Administrator-Benefits bore much of the labor, and that it controlled a small amount of the funds at issue in this case. Nevertheless, LINA seeks almost all of the funds it deposited in the Court's registry. The undersigned is not persuaded that LINA's request is fair or equitable. As such, the undersigned respectfully recommends that Plaintiff LINA be awarded no more than $1,000 from the interpleaded funds.

Plaintiff Administrator-Benefits clearly took the lead in this case and spent considerable time doing so. (Document No. 44). However, Administrator-Benefits offers no argument or discussion in its motion describing the nature of the work required, or any explanation for why it is entitled to $35,945.22 in attorney's fees and costs. Id. One Administrator-Benefits attorney billed almost 75 hours in this matter at $375 per hour, for a total of $28,050.00. (Document No. 44-1, p.2). Administrator-Benefits does include a detailed spreadsheet of its attorneys' time and fees, as well as other costs. (Document Nos. 44-2 -44-3). Still, the undersigned is not persuaded that the total amount requested from the interpleader fund is appropriately modest for a relatively simple case like this one. As such, the undersigned respectfully recommends that Plaintiff Administrator-Benefits be awarded no more than $4,000 from the interpleaded funds.

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Application Of Life Insurance Company Of North America For Attorney's Fees And Costs" (Document No. 43), and "Plaintiff Administrator-Benefits' Application For Attorneys' Fees And Costs" (Document No. 44) be **GRANTED**, **with modification**, as more fully described herein.

**IT IS FURTHER ORDERED** that a report on the results of the parties' attempt to settle this matter through mediation shall be filed on or before **November 9, 2012**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: October 30, 2012

David C. Keesler
United States Magistrate Judge