| | | |
|---|---|---|
| **ADMINISTRATOR-BENEFITS FOR THE EXXONMOBIL SAVINGS PLAN AND FOR THE FAMILY ADJUSTMENT PLAN, and LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **JAMES HOWARD LENOIR; MARY MAGDALENE DUNTON; DOROTHY MAE GIBSON; MAMIE ELIZABETH ANN WOODARD; RUDY LENOIR; DEBORAH MARSH; DONNA J. LENOIR; JOYCE J. LENOIR; CHARLES E. LENOIR, JR.; JAMES HOWARD LENOIR, AS EXECUTOR OF THE ESTATE OF JACOB EMANUEL LENOIR, JR.; and EDWINA L. PATTON,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**THIS MATTER** comes before the Court on Plaintiff Life Insurance Company of North America's ("LINA") Application for Attorneys' Fees and Costs, (Doc. No. 43) and Plaintiff Administrator-Benefits for the ExxonMobil Savings Plan and for the Family Adjustment Plan's ("Administrator-Benefits") Application for Attorneys' Fees and Costs, (Doc. No. 44), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 52), recommending that this Court grant Plaintiffs' Motions with modification. The parties have not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court

has conducted a full and careful review of the M&R and other documents of record.

The Magistrate Judge "recommend that Plaintiffs be awarded fees and costs associated with this interpleader in amounts far less than those requested." (Doc. No. 52 at 8) (citing Hickory Springs Retirement Plan v. Andrews, 5:05cv240-RLV, 2008 WL 2699729, at *5); see also Sun Life Assurance Co. v. Tinsley, No. 6:06-cv-00010, 2007 WL 1388196, at *2 (W.D. Va. May 9, 2007) ("[T]he stakeholder's recovery is properly limited to: the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stake holder."); ReliaStar Life Ins. Co. of New York v. LeMone, No. 7:05cv00545, 2006 WL 1133566 (W.D. Va. Apr. 25, 2006) ("Generally, such a fee will be relatively modest, in as much as all that is necessary to bring an interpleader action is the preparation of a petition, the deposit of the contested funds into the court, service on all the claimants, and the preparation of an order discharging the stakeholder."). The Magistrate Judge explained that although he accepted "Plaintiffs' applications and their affidavits and attachments as complete and accurate, it appears nearly certain that they seek reimbursement for at least some work that is not directly related to the preparation of the petition for interpleader, the deposit of the contested funds, and/or the preparation of the order discharging the stakeholders." (Doc. No. 52 at 8-9); see (Doc. Nos. 43-44). The Magistrate Judge further explained:

> Taken together, Plaintiffs' applications show six (6) timekeepers billing approximately one hundred and thirty (130) hours. The bulk of the hours involve three attorneys billing at rates over $300 per hour. There has been no argument to the Court that this matter warranted so much time from senior counsel.
>
> Here, counsel for LINA joined the action months after it was filed, and his records show that most of his work was communicating with other attorneys and reviewing filed documents. As noted above, LINA acknowledges that Administrator-Benefits bore much of the labor, and that it controlled a small amount of the funds at issue in this case. Nevertheless, LINA seeks almost all of the funds it deposited in the Court's registry. The undersigned is not persuaded

that LINA's request is fair or equitable. As such, the undersigned respectfully recommends that Plaintiff LINA be awarded no more than $1,000 from the interpleaded funds.

Plaintiff Administrator-Benefits clearly took the lead in this case and spent considerable time doing so. (Document No. 44). However, Administrator-Benefits offers no argument or discussion in its motion describing the nature of the work required, or any explanation for why it is entitled to $35,945.22 in attorney's fees and costs. Id. One Administrator-Benefits attorney billed almost 75 hours in this matter at $375 per hour, for a total of $28,050.00. (Document No. 44-1, p.2). Administrator-Benefits does include a detailed spreadsheet of its attorneys' time and fees, as well as other costs. (Document Nos. 44-2 -44-3). Still, the undersigned is not persuaded that the total amount requested from the interpleader fund is appropriately modest for a relatively simple case like this one. As such, the undersigned respectfully recommends that Plaintiff Administrator-Benefits be awarded no more than $4,000 from the interpleaded funds.

(Doc. No. 52 at 9). Having conducted a full and careful review of the M&R and other documents of record, this Court hereby finds that the thorough and well-reasoned recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Therefore, this Court **ADOPTS** the recommendation of the Magistrate Judge as its own and finds that Plaintiff LINA shall be awarded **$1,000** in attorneys' fees and costs and Plaintiff Administrator-Benefits shall be awarded **$4,000** in attorneys' fees and costs, both amounts to be paid from the interpleaded funds.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 52), is **ADOPTED**, Plaintiff Life Insurance Company of North America's Application for Attorneys' Fees and Costs, (Doc. No. 43), is **GRANTED** with modification, and Plaintiff Administrator-Benefits for the ExxonMobil Savings Plan and for the Family Adjustment Plan's Application for Attorneys' Fees and Costs, (Doc. No. 44), is **GRANTED** with modification.

Signed: November 27, 2012

Robert J. Conrad, Jr.
Chief United States District Judge